IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **PABLO A. GOMEZ SANCHEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **CAUSE NO. EP-26-CV-719-KC** |
| | § | |
| **PAMELA JO BONDI et al.,** | § | |
| | § | |
| **Respondent.** | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Pablo A. Gomez Sanchez's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

## I.      MOTION TO PROCEED IN FORMA PAUPERIS

Gomez Sanchez requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive the filing fee for his Petition. *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas,* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Gomez Sanchez has no income, savings, or assets. Mot. ¶¶ 2–5. He has thus made the requisite showing that he is unable to afford the costs of the proceeding and qualifies for IFP status. *See Ayers*, 1995 WL 696702, at *1.

## II.      PETITION FOR A WRIT OF HABEAS CORPUS

Gomez Sanchez is detained at ERO Camp East Montana in El Paso, Texas.  Pet. ¶ 2.  He argues that his detention is unlawful and asks the Court to order his immediate release.  *Id.* ¶¶ 13–15.

Gomez Sanchez is a citizen of Cuba who was ordered removed to Cuba on January 19, 2018.  *Id.* ¶ 13.  However, it appears that Gomez Sanchez was not removed at that time.  *See id.* He was subsequently re-detained in August 2025.  *See id.* ("I have now spent over (194 days) in custody.").  He argues that his removal is not significantly likely to occur in the reasonably foreseeable future "because there is [no] immigration agreement between Cuba and the United States." *Id.*

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto."  The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.  28 U.S.C. § 2243.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days.  8 U.S.C. § 1231(a)(1)(A).  That removal period ordinarily begins when the noncitizen is subject to a final order of removal.  *See id.* § 1231(a)(1)(B). During this removal period, "the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A). The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result

2

of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689–90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Gomez Sanchez alleges that he has been detained for more than six months. *Id.* ¶ 13. And that he was not removed to Cuba in 2018 when he was ordered removed and that Cuba will not accept him because there is no agreement between the United States and Cuba that would allow him to be removed. *See id.* If these allegations are true, Gomez Sanchez likely meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Thus, Respondents must rebut this showing by either demonstrating that Gomez Sanchez's removal is likely in the reasonably foreseeable future or deporting him.

Accordingly, the Court determines that Respondents must show cause why the Court should not grant Gomez Sanchez the relief he seeks by March 20, 2026.

Gomez Sanchez also requests that Respondents be prevented from transferring him outside the District while his case is pending. *Id.* ¶ 15. Gomez Sanchez's transfer to another

3

facility, however, may allow him to be more feasibly removed from the country.  Transportation

to a different facility would not divest this Court of jurisdiction over the habeas Petition.  *See*

*Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025).

Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

## III.    CONCLUSION

Accordingly, it is **ORDERED** that Gomez Sanchez's Motion, ECF No. 1, is

**GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than**

**March 20, 2026**, why the application for a writ of habeas corpus should not be granted and

specify:

(1)  What concrete steps have been taken to effectuate Gomez Sanchez's removal,

(2)  What obstacles exist to effectuating Gomez Sanchez's removal, such as issuance of

travel documents, or identifying a country for removal,

(3)  What concrete steps have been taken to address the existing obstacles, and

(4)  The anticipated timeline for Gomez Sanchez's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if

necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the

Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order

on the respondent[s] . . . .").

**SO ORDERED**.

SIGNED this 13th day of March, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE