**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PABLO A. GOMEZ SANCHEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-719-KC** |
| | § | |
| **PAMELA JO BONDI et al.,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

On this day, the Court considered Pablo A. Gomez Sanchez's Petition for a Writ of Habeas Corpus, ECF No. 3. Gomez Sanchez has been in immigration detention continuously since at least August 2025 and is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶¶ 2, 13. He argues that his detention is unlawful and asks the Court to order his immediate release. *Id.* ¶¶ 13–15.

Gomez Sanchez is a citizen of Cuba who was ordered removed to Cuba on January 19, 2018. *Id.* ¶ 13. However, it appears that Gomez Sanchez was not removed at that time. *See id.* He was subsequently re-detained in August 2025. *See id.* ("I have now spent over (194 days) in custody."). He argues that his removal is not significantly likely to occur in the reasonably foreseeable future "because there is [no] immigration agreement between Cuba and the United States." *Id.*

The Court found that "[i]f these allegations are true, Gomez Sanchez likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Mar. 13, 2026, Order 3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either

demonstrating that Gomez Sanchez's removal is likely in the reasonably foreseeable future or deporting him." *Id.* Specifically, the Court ordered Respondents to detail (1) the concrete steps taken to effectuate Gomez Sanchez's removal, (2) the obstacles preventing his removal, (3) the concrete steps taken to address those obstacles, including identifying third countries for removal and submitting travel document requests to those third countries, and (4) the anticipated timeline for his removal. *See id.* at 4.

Respondents have now filed a Response, ECF No. 5, and, in support, the Declaration of Supervisory Detention and Deportation Officer Vanessa Martienz ("Martinez Decl."), ECF No. 5-1.[1] Respondents acknowledge that, on January 9, 2026, Cuba denied Gomez Sanchez for repatriation. Martinez Decl. ¶ 14. And, on February 13, Gomez Sanchez "failed to comply [with] removal to Mexico under the Cuba, Venezuela, Nicaragua, and Haiti (CVNH) repatriation agreement." *Id.* ¶ 15. Respondents state that "ERO continues to coordinate with ICE ERO RIO to remove Gomez-Sanchez to a third country other than Mexico." *Id.* ¶ 17. However, "there are no updates currently" and "[t]he anticipated timeline to remove Gomez-Sanchez is unknown." *Id.* ¶¶ 17–18.

In sum, Gomez Sanchez cannot be removed to Cuba. *See id.* ¶ 14. And Respondents have not taken any steps to remove him to any country other than Cuba or Mexico. *See generally id.*; Resp. It remains unclear whether Respondents have an agreement with the Mexican government, under the CVNH program or otherwise, that would allow them to remove Gomez Sanchez to that country without his consent. *See* Martinez Decl. ¶¶ 15, 17. In any event,

---

[1] Respondents make the novel argument that Gomez Sanchez is "detained until removal as an applicant for admission," relying on the Fifth Circuit's interpretation of 8 U.S.C. § 1225(b) in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 6. Respondents, however, provide no authority for the proposition that post-final-removal-order detention is governed by § 1225(b), and not § 1231(a). *See generally* Resp. Moreover, even if *Buenrostro-Mendez* could be extended as Respondents argue, it cannot overrule binding Supreme Court precedent prohibiting the indefinite detention of aliens subject to final orders of removal. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

because Respondents appear to be making at least some general effort to remove Gomez Sanchez to an alternative third country, the Court affords Respondents a final opportunity to do so. If Respondents are unable to remove Gomez Sanchez in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. *See id.* The Court **ORDERS** that, <u>on or before April 6, 2026</u>, Respondents shall either (1) **REMOVE** Gomez Sanchez from the United States through lawful means; or (2) **RELEASE** Gomez Sanchez from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before April 6, 2026</u>, Respondents shall **FILE** notice informing the Court whether Gomez Sanchez has been removed from the country. If Gomez Sanchez has not been removed from the country, Respondents shall inform the Court whether Gomez Sanchez has been released from custody in compliance with this Order.

<u>**Barring exceptional circumstances, there will be no extensions of the April 6, 2026, deadlines.**</u>

**SO ORDERED**.

SIGNED this 23rd day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3